## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAB AI INC.,** | **Civil Action No.:** |
| **Plaintiff,** | |
| | **Complaint** |
| - v - | **Jury Trial Demanded** |
| **LIBERATIO SPECIAL VENTURES LLC, DANIEL BONGINO, AND JEFFREY WERNICK,** | |
| **Defendants.** | |

## COMPLAINT

Gab AI Inc. ("Gab" or "Plaintiff"), by its attorneys, as and for its complaint against Defendants Liberatio Special Ventures LLC ("Liberatio"), Daniel Bongino, and Jeffrey Wernick (collectively "Defendants"), alleges as follows:

## PARTIES

1.      Plaintiff Gab is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 700 North State Street, Clarks Summit, Pennsylvania 18411.

2.      On information and belief, defendant Liberatio is a limited liability company organized under the laws of Delaware on October 25, 2021 and having a principal place of business at 2336 SE Ocean Blvd # 269, Stuart, Florida 34996.

3.      On information and belief, defendant Daniel Bongino is a citizen of the State of Florida and resides at 102 N Sewalls Point Road, Stuart, Florida 34996.

4.      On information and belief, defendant Jeffrey Wernick is a citizen of the State of California with a last known address at 1820 Saint Albans Road, San Marino, California 91108.

## NATURE OF ACTION

5.      This action arises under the trademark laws of the United States, namely Title 15 of the United States Code (15 U.S.C. §1051 et seq.) and is for violation of the Anti-Dilution Act (15 U.S.C. § 1125(a)) and under the laws of the Commonwealth of Pennsylvania for common law trademark infringement and common law unfair competition, based on the Defendants' unauthorized use of Gab's trademark PARALLEL ECONOMY.

## JURISDICTION

6.      This is an action for trademark infringement, and violation of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"), and unfair competition under the statutory and common law of Pennsylvania.

7.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. § 1338 (a) and (b) (acts of Congress relating to trademarks and related claims of unfair competition); and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims.

8.      This Court has jurisdiction over the Defendants because they conduct business in the Commonwealth of Pennsylvania, including by offering and selling goods and services to consumers in Pennsylvania and advertising their services and/or products through the internet to Pennsylvania residents.

## VENUE

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b), because a substantial part of the events giving rise to the claims has taken place and is taking place in this district and Plaintiff is located in this District.

## GAB'S TRADEMARK AND PROTECTABLE RIGHTS

10.     Gab was founded in 2016, and has been engaged in providing social media platforms and services to enable consumers in transacting business, exchanging goods, services and money, and, more recently, engaging in financial transactions.

11.     One of the trademarks Gab uses in connection with its goods and services is PARALLEL ECONOMY.

12.     Gab uses PARALLEL ECONOMY in connection with providing online advertising, marketing and financial transactional services.

13.     Gab began using the mark in April 2021.  It has used the mark in commerce in connection with its goods and services.

14.     For example, Gab's corporate news portal, news.gab.com, offers services under the mark PARALLEL ECONOMY at https://news.gab.com/category/parallel-economy/. The portal specifically uses and displays Gab's PARALLEL ECONOMY mark to offer goods and services and identify Gab as the source of those goods and services.

15.     Gab has promoted and continues to promote its goods and services using the PARALLEL ECONOMY mark throughout the United States.

16.     Gab distributes advertising, promotional, and informational materials displaying the PARALLEL ECONOMY mark. Through these materials Gab has developed substantial goodwill for itself in association with its marks, including PARALLEL ECONOMY.

17.     Gab offers its PARALLEL ECONOMY goods and services not only through the PARALLEL ECONOMY portal but also by using online materials that prominently display its PARALLEL ECONOMY mark in connection with those goods and services:



18.     Gab markets and promotes the goods and services it provides in connection with the PARALLEL ECONOMY mark in advertisements and promotional materials featuring the PARALLEL ECONOMY mark with other Gab marks, further linking the mark to Gab and reinforcing the source-identifying quality of PARALLEL ECONOMY as distinctive of Gab products and services:



Join the Parallel Economy

Advertise Your Business on Gab

Reach 20 million+ people who share your values



19.    Online postings written and/or published by Gab are used to promote Gab's goods and services.

20.     Gab has used and continues to use its PARALLEL ECONOMY mark to promote its goods and the PARALLEL ECONOMY mark includes promotional materials bearing the mark PARALLEL ECONOMY such as "The Beginnings of a New Parallel Economy on Gab" published on September 22nd, 2021; "How to Advertise on Gab and Join the Parallel Economy" published on November 25th, 2021; and "2022: The Year the Parallel Economy Rises" published on January 1, 2022.

21.     Gab's promotional materials use its PARALLEL ECONOMY mark to identify it as the source of goods and services offered in connection with the mark.

22.     In keeping with Gab's use of its PARALLEL ECONOMY mark, in early 2022 Gab decided to seek trademark protection for this mark. Gab holds a pending application for a federal trademark registration before the U.S. Patent and Trademark Office, Ser. No. 97201333.  That application is for "Providing advertising, marketing and financial transactional services through a non-downloadable software platform accessible via the internet."  Gab filed that application on January 4, 2022. *A copy of the pending application from the U.S. Patent and Trademark Office ("USPTO") Trademark Status & Document Retrieval ("TSDR") system is submitted herewith as Exhibit 1.*

23.     Gab's products and services also include, *inter alia,* providing access to social media, webcasting, streaming, and transmission of video and audio content online; hosting and maintaining an on-line platform accessible via computer networks, the Internet, satellite, wireless communications networks and electronic communications networks; and providing software platform services for businesses and individuals to offer, shop, buy and sell goods and services.

24.    Gab's products and services are provided across the United States and are accessible worldwide.

25.    Gab provides these goods and services in connection with several marks, including the social network GAB, the social video platform GABTV, the social marketplace application GAB MARKETPLACE, a payments software company called GAB PAY, and GABVERTISING. Gab uses the mark PARALLEL ECONOMY as an umbrella term to brand all of these services.

26.    Gab has registered the mark GAB Registration No. 6030487, registered on April 7, 2020 for goods and services in International Classes 009, 038 and 045 for downloadable mobile applications for social networking; chat room services for social networking; chatroom services for social networking; providing on-line chat rooms for social networking; internet-based social networking services; on-line social networking services; online social networking services; online social networking services provided through a community website; and providing a social networking website for entertainment purposes.  Gab first used that mark in commerce as early as October 16, 2016.

27.    As a consequence of Gab's continuous and widespread use, promotion and advertising of its marks in interstate commerce, Gab has developed substantial and protectable goodwill in such marks.  Moreover, Gab has extensively used and advertised its marks throughout the United States and Gab's marks are, therefore, instantly recognized by the public consumer as symbols of the quality and nature of Gab's products and services.

28.    Considerable sums of money have been spent in advertising Gab's products and services over the years.

29.     Gab uses its well-known and related marks with its PARALLEL ECONOMY mark and such use has enhanced the immediate recognition of PARALLEL ECONOMY being associated with Gab.

30.     Gab has developed its reputation as an alternative to other social media platforms, such as Facebook (n/k/a Meta), YouTube, Twitter and Instagram and the PARALLEL ECONOMY mark identifies Gab as the source of the products and services that Gab provides in connection with the mark, including that those goods and services are part of the alternative platform that Gab has become widely recognized as offering.

31.     Gab has expended considerable time, money, effort and other resources to establish the public recognition of the mark PARALLEL ECONOMY. Gab's widespread use and promotional efforts have established the PARALLEL ECONOMY mark as being a mark associated with Gab and its products and services.

32.     Gab's products and services bearing or offered in connection with the PARALLEL ECONOMY mark are offered throughout the United States and have been extensively advertised, promoted and utilized throughout the United States.

33.     Gab also has been using the mark PARALLEL ECONOMY to further develop the substantial and protectable goodwill associated with Gab in the marketplace.

34.     Numerous businesses and millions of users have registered on Gab to participate in Gab's PARALLEL ECONOMY.

35.     Gab maintains an active presence on the internet and in social media using the PARALLEL ECONOMY mark.  Gab already has millions of users participating in Gab's PARALLEL ECONOMY.

36.     Similarly, Gab displays the PARALLEL ECONOMY mark on its social

media platform as an offering for users of its social media platform.



37.     Based on its ongoing use of the mark, Gab is the rightful owner of the

mark PARALLEL ECONOMY in connection with the goods and services with which Gab has

been using the mark.

38.     Over the past six months alone, the revenue that Gab has generated in

connection with the products and services it offers in connection with its PARALLEL

ECONOMY mark exceeds $1,000,000.

39.     Gab distributes advertising, promotional, and informational materials

displaying the PARALLEL ECONOMY mark. Through these advertisements, along with other

marketing materials and strategies, Gab has developed substantial goodwill for itself and for the

PARALLEL ECONOMY mark.  The expenditure of significant time, money, and effort has

confirmed the public's recognition of the PARALLEL ECONOMY mark as associated with

Gab's products and services, including online transactional services.

40. Gab's use of PARALLEL ECONOMY to designate the origin of the goods and services it provides in connection with the mark has been recognized by users and consumers of those goods and services.

41. For example, one web page identifies over 160 businesses that already are actively participating in Gab's PARALLEL ECONOMY by engaging in transactions with each other and with consumers utilizing Gab's PARALLEL ECONOMY services in order to facilitate transactions and payments:



**DEFENDANTS' INFRINGING USE OF GAB'S MARK**

42. The Defendants use a stylized image of the words PARALLEL ECONOMY in connection with a website that purports to offer the same or similar products and services as those offered by Gab in connection with Gab's PARALLEL ECONOMY mark.

43. The Defendants did not begin using the words PARALLEL ECONOMY until after Gab had been using the mark publicly for months, and after Gab had filed its pending

application for a federal trademark registration pending before the U.S. Patent and Trademark Office, Ser. No. 97201333.

44.     In January 2022, the Defendants launched a website that can be found at www.paralleleconomy.com.  Defendants' website displays the PARALLEL ECONOMY mark as if it belongs to or identifies the Defendants.



45.     Defendants' website did not exist until months after Gab already had begun using its PARALLEL ECONOMY in commerce.

46.     On information and belief, one or more of the Defendants registered the domain name <paralleleconomy.com> after Gab had begun using its PARALLEL ECONOMY mark.

47.     Defendants are using a mark identical to Gab's PARALLEL ECONOMY mark.

48.     Defendants appear to offer or intend to offer financial transaction services in connection with the words PARALLEL ECONOMY similar to, if not exactly the same as, the type of services offered by Gab in connection with its PARALLEL ECONOMY mark.

49.     Defendants did not commence any use of the mark PARALLEL ECONOMY until January 2022, months after GAB had started using the mark developing goodwill in connection with the use of the mark.

50.     Defendants' website states that it offers payment process services or products for facilitating financial payment transactions without "big tech."

51.     For example, Defendants' website states:

## CENSOR-RESISTANT PAYMENT PROCESSING

Don't let Big Tech hold your business hostage.
Leverage payment processing from the Parallel Economy that combines **low costs** with **simplicity** and **security**.

52.     While Defendants' website at <paralleleconomy.com> describes services similar to, if not exactly the same as, the type of services offered by Gab in connection with its GAB PAY and PARALLEL ECONOMY marks, it is not clear that Defendants' actually offer such services because in order to access them, a user has to first apply.



53.     Defendants' use of the substantially identical mark to Gab's PARALLEL ECONOMY mark is without authorization from and has not been authorized by Gab.

54.     Defendants' use of the mark PARALLEL ECONOMY in connection with the payment or transactional services, including the services identified on Defendants' website, is likely to cause confusion among consumers.

55.     Defendants' use of the mark PARALLEL ECONOMY in connection with the payment or transactional services, including the services identified on Defendants' website, infringes Gab's PARALLEL ECONOMY mark.

56.     Defendants' use of the PARALLEL ECONOMY mark is targeted at the same consumers who use GAB and its products and services, including Gab's PARALLEL ECONOMY products and services.

57.     Defendants' products and services are in the same general business of facilitating transactions outside of mainstream financial institutions in which Gab has developed a substantial reputation and is using its PARALLEL ECONOMY mark.

58.     Defendants' use of PARALLEL ECONOMY on its website and in social media and generally in marketing their products and services is likely to cause confusion, mistake or deception among purchasers and the consuming public as to the source or origin of Defendants' products and services.

59.     Actual and potential consumers, upon encountering Defendants' products, services or promotional materials are likely to mistakenly believe that those products originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to, Gab's PARALLEL ECONOMY mark and Gab.

60.     Defendants' unauthorized use of Gab's PARALLEL ECONOMY mark is causing and will cause substantial harm to Gab's valuable intellectual property rights, and constitutes, among other things, trademark infringement, false designation of origin, and unfair competition in violation of Sections 32, 43(a) and 43(c) of the federal Lanham Act, and state law.

61.     Gab, through its attorneys, sent Defendants' attorney a cease-and-desist letter dated January 24, 2022 regarding Defendants' infringing use of the PARALLEL ECONOMY mark. *See* Exhibit 2.

62.     Defendants have failed to respond at all to the letter.

63.     Defendants have filed two applications seeking registration of the mark PARALLEL ECONOMY, both in stylized and block letter forms.

64.     Defendant Liberatio filed application Serial No. 97230320 in the U.S. Patent and Trademark Office for the block letter mark PARALLEL ECONOMY in International Class 035 for "Business invoicing services; Financial statement preparation for businesses; Business support services, namely, providing an Internet-based platform to allow merchants to

transact business, namely, payment processing, invoicing, and expense tracking;" in International

Class 036 for "Payment processing services, namely, credit card and debit card transaction

processing services; Providing an internet website portal in the field of financial transaction and

payment processing services; Chargeback recovery services; Merchant services, namely,

payment transaction processing services; Financial transactional services through a non-

downloadable software platform embedded in various merchant websites on the Internet;" and in

International Class 042 for "Providing a secure electronic online system featuring technology

which allows users to transact business, namely, payment processing, invoicing, and expense

tracking." (hereafter, the "'320 Application").

      65.     The date of first use claimed in the '320 Application is January 18, 2022.

      66.     Defendant Liberatio also filed application Serial No. 97230315 in the U.S.

Patent and Trademark Office for the exact same goods and services in the '320 Application, but

for the stylized version of the mark:



(hereafter, the "'315 Application").

      67.     The date of first use claimed in the '315 Application is January 18, 2022.

      68.     Both of the application's claimed dates of first use are long after Gab

already was using its PARALLEL ECONOMY mark.

## COUNT 1

### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125 (a)

69.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-68 herein, inclusive.

70.     This claim is for Trademark Infringement, False Designation of Origin and Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a).

71.     By its unauthorized use of the PARALLEL ECONOMY Mark in interstate commerce as described herein above, Defendants have (i) infringed Gab's PARALLEL ECONOMY mark; (ii) falsely designated the origin of their products and services; (iii) engaged in unfair competition and competed unfairly with Gab, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a).

72.     Defendants' unauthorized use of Gab's PARALLEL ECONOMY mark by using the identical words in stylized manner in marketing, promotional and other materials for its products and services that are identical or nearly identical to Gab's products and services is likely to cause confusion and mistake and to deceive the public, including as to the approval, sponsorship, license, source or origin of Defendants' products and services.

73.     On information and belief, Defendants' acts of trademark infringement, false designation of origin and unfair competition have been undertaken willfully and deliberately, and Defendants have profited and been unjustly enriched by sales it made based on its unlawful conduct.

74.     After receiving actual notice of the infringing nature of Defendants' use of the PARALLEL ECONOMY mark Defendants' have not ceased their conduct and willfully traded on Gab's reputation and goodwill of the business associated therewith.

75.     The goodwill of Gab's business under the PARALLEL ECONOMY mark is of enormous value, and Gab will suffer irreparable harm should infringement be allowed to continue.

76.     Defendants' acts, including their willful and deliberate acts alleged herein above, have caused and are continuing to cause Gab injury and damages, and have caused irreparable injury to Gab, including to its goodwill and reputation and unless enjoined by the Court, Defendants' unlawful conduct will continue to cause damage to Gab's business reputation and the goodwill associated therewith.

77.     Gab has no adequate remedy at law and, therefore, is entitled to injunctive relief.

## COUNT 2

## COMMON LAW TRADEMARK INFRINGEMENT

78.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-77 herein, inclusive.

79.     Gab claims that Defendants' acts alleged herein above give rise to a claim of common law trademark infringement.

80.     Defendants' use of Gab's PARALLEL ECONOMY mark in marketing, promoting and other activates regarding the products and services identified on its website, as alleged herein above, constitutes common law trademark infringement and passing off and is likely to cause consumer confusion.

81.     On information and belief, Defendants' acts of common law unfair competition have been undertaken willfully and deliberately and Defendants have profited and been unjustly enriched, including by sales that were made based on Defendants' unlawful conduct.

82.     The goodwill of Gab's business under the PARALLEL ECONOMY mark is of enormous value, and Gab will suffer irreparable harm should infringement be allowed to continue.

83.     Defendants' acts, including their willful and deliberate acts alleged herein above, have caused and are continuing to cause Gab injury and damages, and have caused irreparable injury to Gab, including to its goodwill and reputation and unless enjoined by the Court, Defendants' unlawful conduct will continue to cause damage to Gab's business reputation and the goodwill associated therewith.

84.      Gab has no adequate remedy at law and, therefore, is entitled to injunctive relief.

### COUNT 3

### COMMON LAW UNFAIR COMPETITION

85.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-84 herein, inclusive.

86.     Gab claims that Defendants' acts alleged herein above give rise to a claim of common law unfair competition.

87.     Defendants' use of Gab's PARALLEL ECONOMY mark in marketing, promoting and other activates regarding the products and services identified on its website, as alleged herein above, is likely to cause confusion, mistake, or deception regarding the approval, sponsorship, license, source or origin of Gab's products which constitutes unfair competition in violation of common law.

88.     On information and belief, Defendants' acts of common law unfair competition have been undertaken willfully and deliberately and Defendants have profited and

been unjustly enriched, including by sales that were made based on Defendants' unlawful conduct.

89.     The goodwill of Gab's business under the PARALLEL ECONOMY mark is of enormous value, and Gab will suffer irreparable harm should infringement be allowed to continue.

90.     Defendants' acts, including their willful and deliberate acts alleged herein above, have caused and are continuing to cause Gab injury and damages, and have caused irreparable injury to Gab, including to its goodwill and reputation and unless enjoined by the Court, Defendants' unlawful conduct will continue to cause damage to Gab's business reputation and the goodwill associated therewith.

91.     Gab has no adequate remedy at law and, therefore, is entitled to injunctive relief.

## COUNT 4

## UNJUST ENRICHMENT

92.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-91 herein, inclusive.

93.     This cause of action arises under the common law.

94.     By the acts and activities complained of herein, Defendant has been unjustly enriched.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays:

a.     That preliminary and permanent injunctions are issued restraining Defendants' and their officers, directors, owners, members, agents, servants, employees, successors and assigns, and all others in concert and privity with any of the Defendants, from using in any manner the PARALLEL ECONOMY mark, from otherwise competing unfairly with Gab, and from otherwise engaging in unfair and deceptive trade practices;

b.     Order, adjudge and decree that Defendants violated Section 43, 15 U.S.C. § 1125(a) and to have engaged in acts of common law trademark infringement and unfair competition;

c.     Order, adjudge and decree that an accounting of all gains, profits, savings and advantages realized by Defendants from their aforesaid acts of trademark infringement, false designation of origin, and unfair competition, and awarding treble profits pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), on the ground that Defendants engaged in wrongful acts with knowledge or bad faith or under other circumstances warranting treble profits;

d.     Order, adjudge and decree that Gab is entitled to such damages as it may establish in consequence of Defendants' aforesaid acts of trademark infringement, false designation of origin and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Gab for its damages, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

e.     Order, adjudge and decree that Defendants shall pay to Gab all damages suffered by Gab as a result of the unlawful acts complained of herein;

        f.      Order, adjudge and decree that Defendants shall pay to Gab all profits realized by any of the Defendants from unlawful acts complained of herein;

        g.      Order, adjudge and decree that the awards of Gab's damages and Defendants' profits be trebled, including for willful and deliberate infringement and violation of Gab's rights;

        h.      Order, adjudge and decree that Defendants must pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of Defendant's acts of trademark infringement and dilution, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by Gab and this Court;

        i.      Order, adjudge and decree that Defendants shall deliver up for destruction any and all goods, product packaging, product displays, promotional materials, advertisements, commercials and other items in the possession, custody or control of Defendants which, if sold, displayed, or used, would violate the injunction herein granted, and to disable all websites to the extent they contain any content, the display or use of which would violate the injunction herein requested and assign any domain name registrations held by Defendants that include the terms PARALLEL ECONOMY or derivation thereof;

        j.      Order, adjudge and decree that Defendants shall pay for and cause to be disseminated to each distributor, agent, affiliate or other person offering any of Defendants' services in connection with the mark PARALLEL ECONOMY a notice advising said persons of Defendants' acts of trademark infringement, false designation of origin and unfair competition, and advising of the issuance and content of the injunction herein requested;

        k.      Order, adjudge and decree that Defendants shall serve upon Gab, within thirty (30) days after service on any of the Defendants of an order granting an injunction

or such other time period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which each Defendant has complied with the injunction;

       l.    Declare that this is an exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, because of the willful and deliberate nature of Defendants' acts of trademark infringement, false designation of origin, and unfair competition, and awarding Gab its reasonable attorneys' fees;

       m.    Order, adjudge and decree that Defendants shall pay to Gab punitive damages in an amount to be determined by the trier of fact for Defendants' willful and knowing trademark infringement and unfair competition, pursuant to the common law;

       n.    Award Gab its attorneys' fees, costs and expenses of this action, together with all costs of this suit; and

       o.    For such other and further relief as may be just and equitable.

Dated:  March 16, 2022              Respectfully submitted,

/s/ *Frank Murphy*
Anderson Kill, P.C.
1760 Market Street, Suite 600
Philadelphia, PA 19103
Frank G. Murphy, Esq. (Atty. Id. No. 65886)
1760 Market Street, Suite 600
Philadelphia, PA 19103
Telephone:  267-765-8237
Facsimile:  215-568-4573
Email:  fmurphy@andersonkill.com
*Attorney for Plaintiff Gab AI, Inc.*

*Daniel J. Healy, Esq. (*pro hac vice* motion forthcoming)
Anderson Kill, LLP
1717 Pennsylvania Avenue, NW, Suite 200
Washington, DC  20006
Telephone: 202-416-6547
Facsimile:  202-416-6555
Email:  dhealy@andersonkill.com